IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRYL JAYVONN LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0037 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

On February 15, 2006, petitioner DARRYL JAYVONN LEE filed with this Court a form application for habeas corpus under 28 U.S.C. § 2241 et seq.[1] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED for failure to exhaust state court remedies.

I.
PROCEDURAL HISTORY

On May 4, 2004, petitioner was convicted of the felony offense of assault on a public servant out of the 156th Judicial District Court of Bee County, Texas, and received a twenty (20) year sentence for such offense. *Ex parte Lee*, App. No. 33,551-09 at 16-18. Petitioner was

---

[1] Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

extradited to Oklahoma County, Oklahoma on August 24, 2004 pursuant to the Interstate Agreement on Detainers. (December 2, 2005 Report and Recommendation, 2:05-CV-0219 at 2). According to petitioner, the Oklahoma charges were dismissed on April 1, 2005. (Petitioner's Writ Application at 7B). However, petitioner was not transported back to the custody of Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) pursuant to the Interstate Agreement on Detainers. (December 2, 2005 Report and Recommendation, 2:05-CV-0219 at 2). Instead, petitioner LEE was released from custody, but was arrested approximately two months later and returned to TDCJ-CID custody at that time. (Petitioner's Writ Application at 7B).

Petitioner previously filed a Petition for a Writ of Habeas Corpus by a Person in State Custody with this Court on August 3, 2005 raising 4 of the 5 claims presented herein. On November 22, 2005, respondent filed an answer to petitioner's habeas application, asserting petitioner's application should be dismissed for failure to exhaust state court remedies. On December 2, 2005 a Report and Recommendation was entered recommending dismissal of petitioner's application for failure to exhaust state court remedies. On December 22, 2005 the United States District Judge adopted the findings of the Magistrate Judge, judgment was entered and the case was dismissed.

For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the instant petition for a writ of habeas corpus should be DISMISSED.

II.
PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. His return to TDCJ-CID custody to serve out the remaining portion of his sentence constitutes a violation of the Double Jeopardy clause;

2. He was denied an extradition hearing;

3. His return to TDCJ-CID custody was executed pursuant to an unreasonable search and seizure;

4. He was denied effective assistance of counsel; and

5. He has been denied the right to file a state writ of habeas corpus.

III.
EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

 (A) the applicant has exhausted the remedies available in the courts of the State; or

 (B)(I) there is an absence of available State corrective process; or

 (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of

federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc.

Ann. art. 44.45 (Vernon 1999).  Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

In his prior habeas application, petitioner alleged he filed a state habeas corpus application, *Ex parte Lee*, App. No. 33,551-09, in which he raised grounds 1 through 4 asserted in this petition.  However, as discussed in the December 2, 2005 Report and Recommendation entered by the undersigned and a review of the state court records presented in that case, the record shows the state habeas application raised only one ground, petitioner's allegation he was denied his right to a speedy trial once he was extradited to Oklahoma.  *Id*. at 5. As stated above, the recommendation to dismiss for failure to exhaust was adopted by the United States District Court on December 22, 2005.

Petitioner has presented nothing in this petition to show the state's highest court has had an opportunity to review and determine the merits of petitioner's claims.  In fact, petitioner has alleged he recently submitted an additional state writ application by sending a copy to the Bee County Court Administrator on January 6, 2006 and by sending a copy to the Bee County court clerk on January 20, 2006.  (Petitioner's Writ Application at 8B).  Respondent was ordered to file an Answer in this case and on June 9, 2006 respondent filed a "Motion to Dismiss for Failure to Exhaust State Remedies."  Therein respondent argued that while petitioner had attempted to file a state writ application with the Bee County Clerk this was the wrong court and that clerk had no obligation to file the state writ.  Respondent also stated that as a result of this federal writ being filed, and after respondent looked into the matter, petitioner's state writ has been forwarded to the Texas Court of Criminal Appeals where it is pending.  Petitioner was ordered by the Court to

submit a response to respondent's motion to dismiss which he did on June 22, 2006. Petitioner has provided nothing to show his previously unexhausted claims have now been exhausted. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's grounds 1 though 4 raised in this federal habeas application have not been exhausted and said application is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on the unexhausted grounds.

To the extent petitioner presents a new ground, that he is being denied his right to file a state habeas writ application, such claim is without merit for the reasons stated above.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner DARRYL JAYVONN LEE be, in all things, DISMISSED for failure to exhaust state court remedies.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u>\*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).